**OXMAN TULIS KIRKPATRICK**
**WHYATT & GEIGER LLP**
**Attorneys for Mark S. Tulis,**
**Chapter 11 Operating Trustee**
**100 Bloomingdale Road, Suite 100**
**White Plains, New York 10605**
**Tel: (914) 422-3900**
**Fax: (914) 422-3636**

Presentment Date: September 30, 2010
Presentment Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
In re:

**HUDSON RESEARCH, INC.,**

              **Debtor.**
---------------------------------------------------------------X

CHAPTER 11

Case No. 07-22046 (RDD)

## MOTION OF OPERATING TRUSTEE FOR A FINAL DECREE

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

      By this motion, Mark S. Tulis, the duly appointed Chapter 11 operating trustee (the "Trustee") of the estate of Hudson Research, Inc. (the "Debtor"), by his attorneys, Oxman Tulis Kirkpatrick Whyatt & Geiger LLP, hereby moves for the entry of a final decree, a proposed copy of which is annexed as Exhibit A., pursuant to 11 U.S.C. §§350, 554, 1101(2) and 1106(a)(7) and Federal Rules of Bankruptcy Procedure 3022 closing the Debtor's Chapter 11 case (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

### PRELIMINARY STATEMENT

    1.    The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code") on January 17, 2007. (the "Filing Date").

    2.    All assets have been distributed and the Trustee has fulfilled his

mandate.

He has made all distributions requested under the Plan. No funds exist to make any further distributions.

3. The Trustee therefore seeks entry of an order releasing the Trustee from all duties as operating trustee, other than the ministerial duties that remain. The Trustee also seeks certain related relief such as (a) the authority to destroy or abandon all documents, except those he is mandated to retain, relating to the Debtor in his possession, custody or control or that of his attorneys, former attorneys or agents; and (b) the cancellation of the Trustee's fiduciary surety bond.

## BACKGROUND

4. On January 17, 2007, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code"), in the United States Bankruptcy Court for the Southern District of New York.

5. On January 20, 2009, Mark S. Tulis was appointed as operating trustee of the Debtor. However, pursuant to an order of the Court, the Trustee's powers were stayed for sixty (60) days. After sixty (60) days, the Trustee assumed control of the Debtor's operations and pursued the sale of the Debtor's assets and the resolution of outstanding lawsuits.

6. Pursuant to an order of this Court dated April 27, 2009, substantially all assets of the Debtor were sold to its principal, Curtis Birnbach. The closing took place on April 30, 2009.

7. A Joint Chapter 11 Plan and Disclosure Statement were filed on June 4, 2009.

8. An Amended Joint Chapter 11 Plan and Disclosure Statement were filed on June 5, 2009 (the "Plan").

9. On June 5, 2009, the Court signed an order conditionally approving the Plan.

10. By order dated July 1, 2009, the Court confirmed the Plan (the "Confirmation Order".

**APPLICATION**

11. Section 350(a) of the Bankruptcy Code provides that a bankruptcy court shall close a case after an estate is fully administered and the court has discharged the trustee. 11 U.S.C. §350(a). Neither the Bankruptcy Code nor the Bankruptcy Rule define "fully administered". However, the Advisory Committee Note to Rule 3022 provides a non-exclusive list of factors to use in determining whether a case is "fully administered", including: (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceeding have been finally resolved. Fed. R. Bankr. P. 3022, Advisory Committee Notes (1991).

12. Courts routinely apply these six factors to determine whether a case is "fully administered". See, e.g., *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, B.R. 531, 542 (Bankr. E.D.N.Y. 1999). However, the factors are merely guidelines, and

each of them need not be present for the court to enter a final decree. *In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D.Ill. 1998); *see also Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D.Pa. 1994).

13. The Trustee respectfully submits that application of the foregoing factors warrants the granting of the requested relief and the immediate closing of the Debtor's Chapter 11 case, which has been fully administered in that:

    a. The effective date of the Plan occurred over 1 year ago, on July 1, 2009.

    b. All cash distributions required by the Plan have been made to the parties entitled thereto in the manner set forth in Exhibit D of the Trustee's Final Report, to which the Court is respectfully referred. The Trustee has completed all distributions to be made under the Plan. No further distribution will be possible. The payment of distributions under the Plan is detailed in the Trustee's Final Report. All administrative, secured and priority tax claims have been paid.

    c. All outstanding motions, contested matters and adversary proceedings brought before this Court have been resolved.

## ANCILLARY RELIEF REQUESTED

14. **Authorization to Destroy or Abandon Documents:** In connection with the closing of the case, it is appropriate that the Bankruptcy Court authorize the Trustee, upon entry of the proposed Order, to destroy at his discretion (with the exception of records that he is required by law to keep - including the estate's tax returns and the

cancelled checks and bank statements for the estate) all records relating to this case and all business or other records and documents of the Debtor or otherwise associated with the Debtor, wherever located. Because the estate has no available funds which could be retained to provide for the destruction of said documents, the proposed Order alternatively provides that the Trustee is authorized to abandon and/or assign all non-cash assets of the Debtor which are "burdensome to the estate or that is of inconsequential value and benefit to the estate" 11 U.S.C. §554(a).

15. **Cancellation of Bond:** The Trustee was required to maintain the fiduciary surety bond to the extent and as required by the United States Trustee. Accordingly, the Trustee maintained the bond obtained as Chapter 11 Trustee from Liberty Mutual Insurance Company (No. 016038154) (the "Bond"). The Bond was last renewed in January of 2009. In that the Trustee now seeks to close the case, he also moves to cancel the Bond.

16. **Release of Liability:** Further, the Trustee asks the Court to enter an order providing, inter alia, that as of the date of the Order, except for his own gross negligence or willful misconduct, he be released from any and all claims or liabilities arising from any action or omission taken by him in accordance with prior orders of this Court, which shall survive the dismissal of this case.

17. **Miscellaneous:** In order to complete an orderly closing of the Chapter 11 case and to assure that neither this Court nor the Trustee will be involved in any matters relating to the Chapter 11 case, the proposed Order also provides that: (a) the Trustee is authorized, without any further order of the Court, to disburse any cash assets remaining in the estate; (b) the 2009 and final tax returns be prepared and filed with the appropriate taxing authorities; (c) the Trustee has no continuing obligation to

the Debtor's estate or its creditors; (d) the Trustee is authorized to take such actions and execute such documents as are necessary to effectuated the terms of the proposed Order; and (e) the Court will retain jurisdiction to hear and determine all matters from the implementation of this Order.

18. Copies of this Motion have been served via First Class Mail upon (i) the Office of the United States Trustee, and (ii) the parties on the service list attached to the Notice of Motion. The Trustee respectfully submits that such notice is good and sufficient, and that no other party needs to be served.

19. The Trustee requests that the Court waive the requirement under Local Bankruptcy Rule 9013-1(b) that a memorandum of law be filed in support of the relief requested herein.

20. No prior application for the relief sought herein has been made with respect to this case in this or any other court.

21. The Trustee has filed his Final Report pursuant to this Motion to close the case. He has complied with the Plan and Confirmation Order. He respectfully requests that the Court accept his Closing Report, annexed as Exhibit B and enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
September 20, 2010

    Oxman Tulis Kirkpatrick Whyatt & Geiger LLP
    Attorneys for Trustee
    /s/ Mark S. Tulis
    By: Mark S. Tulis, Esq.
    120 Bloomingdale Road
    Suite 100
    White Plains, New York 10605
    (914) 422-3900

Email: *mtulis@oxmanlaw.com*

To: Creditors and Parties in Interest

H:\Bankruptcy Docs\Trustee\Hudson Research\Motion for final decree.wpd